Matter of Small v Mengoni (2021 NY Slip Op 01221)





Matter of Small v Mengoni


2021 NY Slip Op 01221


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Manzanet-Daniels, J.P., Kern, Kennedy, Scarpulla, JJ. 


Index No. 784/18 Appeal No. 13227 Case No. 2020-03499 

[*1]In the Matter of Charles H. Small, as Preliminary Executor of the Estate of Fred Mengoni, Petitioner-Respondent,
v
Ashley Mengoni, Objectant-Appellant.


Seth Rubinstein, P.C., Brooklyn (Charles Brody of counsel), for appellant.
Greenfield Stein & Senior, LLP, New York (Anne C. Bederka of counsel), for respondent.



Order, Surrogate's Court, New York County (Rita Mella, S.), entered on or about March 10, 2020, which granted petitioner's motion to strike objectant's notice of appearance and dismiss her objections to the probate of the decedent's last will and testament dated January 11, 2017, unanimously affirmed, without costs.
Objectant was born two weeks after the decedent married her mother, Christiane, and the decedent was listed as her father on her birth certificate. Christiane and the decedent had signed a prenuptial agreement before the marriage. Approximately 18 months after the marriage, Christiane sought a divorce. In connection with a settlement of the divorce proceeding, Christiane admitted that the decedent was not objectant's father, and genetic testing confirmed this fact. The decedent's will did not include any provision for objectant, and she filed objections to probate. Petitioner, the executor of the will, moved to dismiss the objections on the ground, inter alia, of lack of standing.
The Surrogate correctly concluded that the presumption of legitimacy was rebutted by the genetic testing laboratory's report, Christiane's and the decedent's admissions in the divorce proceeding and settlement agreement, and objectant's concession in this proceeding that the genetic test showed that she was not the decedent's biological child (see Matter of Ludwig, 239 AD2d 122 [1st Dept 1997]).
Contrary to objectant's contention, the doctrine of equitable estoppel is not applicable to this matter. Even if paternity by estoppel were applicable to probate proceedings, there is no evidence that the decedent ever represented to objectant that he was her father or that they established an operative parent-child relationship on which she reasonably relied (see Matter of Shondel J. v Mark D., 7 NY3d 320, 326-327 [2006]; see also Family Court Act § 418[a] ["No (genetic) test shall be ordered upon a written finding by the court that it is not in the best interests of the child on the basis of equitable estoppel"]). Similarly, EPTL 4-1.2 does not avail objectant because there is no evidence that the decedent openly and notoriously acknowledged her as his child (EPTL 4-1.2[a][C][ii]).
We have considered objectant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021